UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LONG VAN NGUYEN,

Defendant.

Case No. CR12-212RSL

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS

## I. INTRODUCTION

This matter comes before the Court on the government's "Motion for Rule 15 Depositions" (Dkt. # 47). The government seeks to depose 10 witnesses in Vietnam to preserve their testimony for trial. Because defendant is in federal custody in SeaTac, Washington, the government also seeks to conduct these depositions without defendant's presence. Although some witnesses have indicated a willingness to travel to the United States to testify at trial, others have informed the government that they are not willing to travel to testify. Having considered the parties' memoranda and the remainder of the record, the Court GRANTS the government's motion.

## II. DISCUSSION

**A. Background**

In March 2012, the government began investigating defendant based on a tip from a confidential informant that defendant was planning to hire people to kill his common-law wife's relatives and his nephew in Vietnam. After learning of this alleged

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 1

scheme, Homeland Security Investigations ("HSI"), through its Country Attache Office in Ho Chi Minh City, Vietnam, informed the Vietnamese Ministry of Public Safety ("MPS") of defendant's plan.  MPS assigned an officer to investigate the murder plot.  MPS also assigned an undercover agent to pose as a hired assassin.  During MPS's investigation, defendant's nephew in Vietnam took the MPS undercover agent to the houses of the intended targets.

Defendant was arrested in July 2012, near Tacoma, Washington, after discussing his plans with an undercover HSI agent in Washington.  He is charged with conspiracy to kill persons in a foreign country in violation of 18 U.S.C. § 956(a)(1) and solicitation to commit a crime of violence in violation of 18 U.S.C. § 373.

**B. Analysis**

    **1. Depositions in a Criminal Case**

Rule 15 of the Federal Rules of Criminal Procedure ("Rule 15") authorizes the trial court to grant a motion for depositions to preserve testimony for trial in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).  "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting United States v. Farfan-Carreon, 935 F.2d 678, 679 (5th Cir. 1991)).

In his response to the government's motion, defendant relies too heavily on the factors lauded by the Ninth Circuit in United States v. Zuno-Arce, 44 F.3d 1420 (9th Cir. 1995). Dkt. # 48 at 2-7.  In Zuno-Arce, the Ninth Circuit upheld the district court's denial of defendant's motion to take depositions in Mexico. Id. at 1424-25.  The Ninth Circuit praised the district court's consideration of (1) the unavailability of the witnesses and the good faith efforts to obtain the witnesses' presence at trial, (2) whether the

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 2

movant established that the testimony would be favorable, and (3) whether the deponents would be available and willing to be deposed. Id.  The court, however, did not create a formal test.  Defendant argues that the government must establish that all of these factors weigh in favor of taking the deposition.  Dkt. # 48 at 2.

Contrary to defendant's assertion, Rule 15(a) does not require a showing that the witness is unavailable for trial or that the evidence is material or favorable.  Omene, 143 F.3d at 1170.  The government must establish a witness's unavailability before a party may use the depositions at trial, not before the party may depose a witness.  Id.  "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial."  Id.

Having considered the parties' memoranda and the remainder of the record, the Court finds that exceptional circumstances exist under Rule 15.  Although five of the witnesses identified by the government are currently willing to travel and testify at trial in October 2013, the Court cannot ignore the uncertainty of the witnesses' future willingness to travel.  Moreover, MPS will not allow two important witnesses to travel to the United States to testify at trial.  Because the witnesses are beyond the subpoena power of the United States, the Court finds that exceptional circumstances exist.  The Court, therefore, GRANTS the government's motion for Rule 15 depositions.

**2. Depositions Outside the United States without the Defendant Present**

Rule 15 also governs the circumstances under which a witness may be deposed outside the United States without the defendant's presence.  Under Rule 15(c)(3), a witness may be deposed outside of the United States without the defendant's presence if the Court finds

> (A) the witness's testimony could provide substantial proof of a material fact in a felony case;

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 3

      (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained;
      (C) the witness's presence for a deposition in the United States cannot be obtained;
      (D) the defendant cannot be present because:
           (I) the country where the witness is located will not permit the defendant to attend the deposition;
           (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location. . . and
      (E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. 15(c)(3).

        The Court finds that the conditions for deposing a witness outside of the United States without the defendant's presence are satisfied. First, the government has established that the testimony of the witnesses could provide substantial proof of material facts in the case against defendant. For example, defendant's nephew and the MPS undercover agent could provide evidence that shows that defendant gave specific instructions to his nephew regarding the details of the murders. Both witnesses could testify that defendant's nephew showed the MPS undercover agent where defendant's wife's relatives lived so he would know where to find the targets. Similarly, the family members and friends identified by the government could provide testimony that confirms information defendant and his nephew gave the undercover agents.

        Second, as explained earlier, all of the witnesses are beyond the subpoena power of the United States. Thus, there is a substantial likelihood that their presence at trial cannot be obtained. Third, for reasons similar to those preventing the witnesses from testifying at trial, the Court finds that the witnesses' presence for depositions in the United States cannot be obtained. Finally, the Court finds that defendant cannot be present at the deposition, but can meaningfully participate from Seattle. Defendant is currently in federal custody and federal marshalls cannot assure continuing custody of the defendant throughout the stay in Vietnam. Defendant, however, will be able to

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 4

participate in the depositions through the use of a video-conferencing system in the U.S. Attorney's Office while one of defendant's lawyers is physically present at the depositions in Vietnam.

Defendant argues that the government has not satisfied Rule 15(c)'s requirements for conducting a deposition in a foreign country without the defendant present in light of Rule 15's strong preference for face-to-face confrontation. Dkt. # 48 at 7-8. The Ninth Circuit has held that "before the 'Confrontation Clause's preference for face-to-face confrontation' may be avoided by resort to telephonic participation, the Government 'must <u>first</u> attempt to secure the defendant's actual, physical presence at the deposition.' " <u>United States v. Medjuck</u>, 156 F.3d 916, 920 (9th Cir. 1998) (quoting <u>Christian v. Rhode</u>, 41 F.3d 461, 467 & n.8 (9th Cir. 1994)) (emphasis in original). In <u>Medjuck</u>, the Ninth Circuit determined that the government satisfied that requirement "by virtue of its demonstration of the impossibility of obtaining Medjuck's physical presence on terms acceptable to the government." <u>Id.</u> at 920. "There is no requirement that the Government go through a futile exercise before it may proceed to arrange for a defendant's remote participation." <u>Id.</u> The court upheld the district court's admission of videotaped testimony from three Canadian witnesses where the defendant was able to participate in the depositions via a live video feed. <u>Medjuck</u>, 156 F.3d at 919-21.

Here, like in <u>Medjuck</u>, the government's showing that it cannot secure defendant's physical presence at the depositions and its proposal that defendant participate in the depositions via a live video feed meet the Ninth Circuit's requirements. Defendant and the witnesses will be able to see each other during the depositions. The Court, therefore, GRANTS the government's motion to take depositions in Vietnam without defendant's physical presence. Pursuant to Rule 15(d), the government is hereby ordered to pay reasonable travel expenses of one of defendant's attorneys to attend the depositions in Vietnam.

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 5

The government also requests that the Court permit the use of some or all of the depositions at trial.  Dkt. # 47 at 12.  The Court finds this request premature as the Court will be better suited to consider the totality of the circumstances, such as the Zuno-Arce factors, closer to trial.  See Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").  The Court will also be considering whether defense counsel had sufficient time for and access to discovery prior to the depositions.

### III.  CONCLUSION

For all of the foregoing reasons, the government's motion for Rule 15 depositions (Dkt. # 47) is GRANTED.

DATED this 31st day of May, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR RULE 15 DEPOSITIONS- 6