UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>   v.<br><br>LONG VAN NGUYEN,<br><br>  Defendant. | Case No.  CR12-212RSL<br><br>ORDER GRANTING IN PART MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court on defendant Long Van Nguyen's "First Memorandum and Motion to Compel Discovery" (Dkt. # 41).  Defendant seeks an order compelling the government to produce the phone numbers and addresses of the civilian witnesses it may call at trial.  Having considered the motion, the government's response, and the remainder of the record, the Court finds as follows:[1]

## II. DISCUSSION

**A. Background**

Defendant is charged with conspiracy to kill persons in a foreign country in violation of 18 U.S.C. § 956(a)(1) and solicitation to commit a crime of violence in violation of 18 U.S.C. § 373.

---

[1] The Court finds this matter suitable for decision on the papers submitted.  Defendant's request for oral argument is therefore DENIED.

ORDER GRANTING IN PART
MOTION TO COMPEL - 1

In March 2012, the government began investigating defendant based on a tip from a confidential informant that defendant was planning to hire people to kill his common-law wife's relatives in Vietnam. Defendant was arrested in July 2012, near Tacoma, Washington.

The government has disclosed the names of 32 witnesses that it may call at trial. Dkt. # 41-2. Sixteen of these potential witnesses are relatives or friends of defendant or his wife. The government has informed defendant that it does not intend to release these witnesses' contact information.

**B. Analysis**

Defendant argues that the unusual circumstances of this case and his right to effective assistance of counsel require the disclosure of witnesses' addresses and phone numbers. Dkt. # 41 at 3. Even though defendant has the names of the potential witnesses, defendant contends that the prevalence of the names "Pham" and "Nguyen" in Vietnam increases the difficulty of trying to find contact information for these witnesses. Id. at 4.

In a non-capital criminal case, there is no general right to discovery. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The district court has discretion to grant or deny a defendant's request for the names and addresses of witnesses the government intends to call at trial where the disclosure of that information may endanger the witnesses. United States v. Clardy, 540 F.2d 439, 442 (1976). Although defendant is charged with violent crimes, the Court finds that a properly worded protective order will decrease concerns for the witnesses' safety. Denying defendant's motion would deny defendant the opportunity to conduct a meaningful investigation of the crimes with which he is charged.

Based on the defendant's indication that he would agree to a protective order, the Court GRANTS IN PART defendant's motion. The disclosure of the names, addresses,

ORDER GRANTING IN PART
MOTION TO COMPEL - 2

and phone numbers of the witnesses shall be limited to the attorneys and their investigator only and not to the defendant or anyone else. The parties are hereby ordered to submit a stipulated protective order regarding the addresses and telephone numbers of the witnesses identified in the government's list of potential trial witnesses. After entry of this protective order, the government shall disclose the names, addresses and telephone numbers of the witnesses identified as potential witnesses in its February 8, 2013, letter pursuant to the terms of the protective order and this order.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART defendant's motion to compel discovery (Dkt. # 41).

DATED this 31st day of May, 2013.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO COMPEL - 3