UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LONG VAN NGUYEN,

    Defendant.

Case No. CR12-212RSL

ORDER

This matter comes before the Court on defendant's "Combined Petition For Audita Querela, Mandamus, Prohibition, To Declare Satisfaction Of Judgment And For Bail Upon His Own Recognizance—Without Surety And With Celerity—Pendente Lite." Dkt. # 112.

In September 2013, defendant Long Van Nguyen pleaded guilty to one count of Conspiracy to Kill Persons in a Foreign Country (in violation of 18 U.S.C. § 956(a)(1)), and one count of Solicitation to Commit a Crime of Violence (18 U.S.C. § 373). Dkt. # 65. The Court sentenced defendant to fourteen years' imprisonment and a $200 special assessment. Dkt. # 88. The government had also seized as evidence $200 that defendant gave an undercover federal agent in furtherance of his crimes. See Dkt. # 89. Defendant signed a waiver filed with the Court abandoning any right to the latter $200. Id. As part of defendant's plea, defendant also forfeited $10,000, as reflected in a Final Order of Forfeiture issued by the Court. Dkt. # 108.

Defendant filed this petition under the All Writs Act, 28 U.S.C. § 1651, seeking a variety of relief, including a declaration that the special assessment and forfeiture violated the Constitution, that his "imprisonment must be barred and enjoined and prohibited from further

ORDER - 1

enforcement," Dkt. # 112 at 13, and that the $10,000 be returned to him. Defendant's petition is frivolous for a number of reasons. The legal basis for it is entirely unclear. The case he appears to chiefly rely on, Ex parte Lange, 85 U.S. 163, 193 (1873), does not stand for the proposition he asserts nor does it include any of the language he quotes from it. Defendant, who has already unsuccessfully sought relief in a 28 U.S.C. § 2255 petition, essentially lodges a successive collateral attack on the constitutionality of his conviction and sentence.[1] Finally, the writs he seeks are not the appropriate vehicle to raise these claims.[2] For these reasons, defendant's petition, Dkt. # 112, is DENIED as frivolous.

DATED this 16th day of May, 2018.

Robert S. Lasnik
United States District Judge

---

[1] The Court declines to construe this petition as a § 2255 motion because Nguyen has not demonstrated that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h).

[2] A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition. Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). Common law writs such as *audita querela* and *coram nobis* survive "only to the extent that they fill 'gaps' in the current systems of postconviction relief." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). Defendant claims he is in custody in violation of the Constitution, and his claims therefore fall under § 2255. That defendant is procedurally barred from refiling or that relief is unavailable, does not make § 2255 an inadequate remedy. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

ORDER - 2